IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL MITCHELL WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV256 |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael Mitchell Wilson ("Plaintiff") brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claims for Disability Insurance Benefits and Supplemental Security Income under, respectively, Titles II and XVI of the Act. The parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

I.  PROCEDURAL HISTORY

Plaintiff filed his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") on February 8, 2008 and December 13, 2007, respectively,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

alleging a disability onset date of January 1, 1979. (Tr. at 10, 142-43.)[2] He later amended his alleged onset date to March 30, 2000, the day before the expiration of his insured status. (Tr. at 10, 13, 200.) Plaintiff's applications were denied initially (Tr. at 59-60, 67-74) and upon reconsideration (Tr. at 61-62, 79-105). Thereafter, he requested a hearing de novo before an Administrative Law Judge ("ALJ"). (Tr. at 106-07.) On February 25, 2010, Plaintiff, along with his attorney and an impartial vocational expert, attended his administrative hearing. (Tr. at 10.) The ALJ ultimately determined that Plaintiff was disabled within the meaning of the Act beginning December 13, 2007, the date of his SSI application, but not disabled from his alleged onset date through his date last insured. (Tr. at 19, 20-21.) In other words, the ALJ found Plaintiff disabled for purposes of SSI, but not DIB. On January 28, 2011, the Appeals Council denied Plaintiff's request for review of the decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review (Tr. at 1-5).

In rendering his disability determination, the ALJ made the following findings later adopted by the Commissioner:

> 2. The claimant has not engaged in substantial gainful activity since March 30, 2000, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. Since the amended alleged onset date of disability, March 30, 2000, the claimant has had the following severe impairments: degenerative disc disease; hypertension; a mood disorder; and a history of a substance abuse disorder (20 CFR 404.1520(c) and 416.920(c)).
> . . . .

---

[2] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer [Doc. #5].

6. Absent substance use, the claimant does not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), and 416.920(d)).

. . . .

7. During the period through January 5, 2007, if the claimant had been abstinent from use of drugs and alcohol, he would have had the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967.

(Tr. at 13-15.)

After comparing the above residual functional capacity ("RFC") to the demands of Plaintiff's past relevant work, the ALJ determined that, if Plaintiff had stopped his substance abuse, he would have been able to perform his past work as a recreation aide and parking lot attendant. (Tr. at 18.) Plaintiff therefore was not under a "disability," as defined in the Act, from his alleged onset date through his date last insured. (Tr. at 19.) However, the ALJ also found that, beginning on December 13, 2007, the date of Plaintiff's SSI application, Plaintiff "has had the [RFC] to perform less than a full range of sedentary work . . . and has been unable to perform any work on a regular and continuing basis." (Tr. at 19.) Accordingly, Plaintiff qualified for SSI as of his application date. (Tr. at 21.) Plaintiff now challenges the ALJ's adverse DIB determination.

II.  LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, the scope of review of such a decision is "extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d

396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472. "The issue before [the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In undertaking this limited review, the Court notes that "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[3]

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." Id.

A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

---

[3] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program (SSDI), established by Title II of the Act as amended, 42 U.S.C. § 401 et seq., provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program (SSI), established by Title XVI of the Act as amended, 42 U.S.C. § 1381 et seq., provides benefits to indigent disabled persons. The statutory definitions and the regulations promulgated by the Secretary for determining disability, see 20 C.F.R. pt. 404 (SSDI); 20 C.F.R. pt. 416 (SSI), governing these two programs are, in all aspects relevant here, substantively identical. " Craig, 76 F.3d at 589 n.1.

On the other hand, if a claimant carries his or her burden at the first two steps, and if the claimant's impairment meets or equals a "listed impairment" at step three, "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment," then "the ALJ must assess the claimant's residual functional capacity ('RFC')." Id. at 179.[4] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can "perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, which "requires the [Government] to prove that a significant number of jobs exist which the claimant could perform, despite the claimant's impairments." Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Government cannot carry its "evidentiary burden of proving that

---

[4] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that administrative regulations require RFC to reflect claimant's "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." Hines, 453 F.3d at 562-63.

6

[the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.[5]

III. DISCUSSION

In the present case, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since his alleged onset date. He therefore met his burden at step one of the sequential evaluation process. At step two, the ALJ further determined that Plaintiff suffered from the following severe impairments: degenerative disc disease, hypertension, a mood disorder, and a history of a substance abuse disorder. (Tr. at 13.) The ALJ found that, absent substance abuse, Plaintiff's impairments did not meet or equal a disability listing at step three. He therefore assessed Plaintiff's RFC and determined that, prior to his date last insured, Plaintiff could have performed the full range of light work had he abstained from substance abuse. (Tr. at 15.) Because Plaintiff's past relevant work did not exceed his RFC, the ALJ concluded at step four of the analysis that Plaintiff was not disabled at any time prior to his date last insured. (Tr. at 18, 20.)

Plaintiff now argues that the ALJ failed to (1) adequately assess Plaintiff's credibility, (2) properly consider Plaintiff's prior disability determination by the Department of Veterans Affairs ("VA"), and (3) utilize a medical expert to determine Plaintiff's onset date. (Pl.'s Br. [Doc. #8] at 2.) For the reasons set out below, the Court finds that the ALJ's assignment of little weight to the VA's disability determination solely because it was based on a different adjudicative

---

[5] A claimant thus can qualify as disabled via two paths through the five-step sequential evaluation process. The first path requires resolution of the questions at steps one, two, and three in the claimant's favor, whereas, on the second path, the claimant must prevail at steps one, two, four, and five.

7

standard warrants remand. Because Plaintiff's other issues may be addressed further as part of the remand, the Court need not consider the additional issues raised by Plaintiff at this time.

The ALJ's decision correctly notes that, as provided at 20 C.F.R. § 404.1504 and further explained in Social Security Ruling ("SSR") 06-03p, "a determination made by another agency that [the claimant is] disabled or blind is not binding on" the Social Security Administration ("SSA"). Rather, "the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner." SSR 06-03p. However, after the Commissioner's decision became final in this case, the Court of Appeals for the Fourth Circuit issued its decision in Bird v. Commissioner of Social Sec. Admin., 699 F.3d 337 (4th Cir. 2012). In that case, the Fourth Circuit noted that although another agency's disability determination is not binding on the SSA, "another agency's disability determination 'cannot be ignored and must be considered.'" Bird, 699 F.3d at 343. In considering the weight to give a decision of the VA in particular, the Fourth Circuit held that "[t]he assignment of at least some weight to a VA disability determination reflects the fact that both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." Bird, 699 F.3d at 343 (internal quotations omitted). The Fourth Circuit therefore concluded that "in making a disability determination, the SSA must give substantial weight to a VA disability rating," and "an ALJ may give less weight to a VA disability

rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." Id. (emphasis added).

Here, the VA made a disability determination based on Plaintiff's low back condition, including degenerative disc disease, which was also one of the impairments before the SSA. (Tr. at 18, 155-56.) The ALJ's decision reflects this fact, noting that the VA found Plaintiff 60% disabled due to degenerative disc disease and lumbar strain, rendering him 100% unemployable. (Tr. at 18.) Nevertheless, the ALJ expressly assigned little weight to the VA's determination solely because it "reflect[s] application of a different adjudicative standard than that which is used by the [SSA]." (Id.) In the circumstances, the Court "is unable to conclude that the ALJ's analysis after Bird is supported by substantial evidence, or that the ALJ would have reached the same conclusion in light of the new standard." Persaud v. Colvin, No. 2:12cv661, 2014 WL 198922, at *10 (E.D. Va. Jan. 14, 2014) (unpublished); see also Jacobs v. Colvin, Civil No. 2:12-cv-508, 2013 WL 5741538, at *7 (E.D. Va. 2013) (unpublished) ("Notwithstanding the ALJ's detailed analysis and explanation of his rejection of the VA's determination, it is unclear that the ALJ met the new Bird requirement that he provide explicit detail as to why he did not give the VA's disability rating 'substantial weight.'"); Thomas v. Colvin, No. 4:12cv179, 2013 WL 5962929, at *9 (E.D. Va. Nov. 6, 2013) (unpublished) ("The Fourth Circuit has now made it clear that the ALJ must give the VA's disability determination 'substantial weight' or explicitly detail the reasons for giving it less weight" and "remand is necessary in order to allow the ALJ to weigh the evidence of [the plaintiff's] VA rating in accordance with Bird."); Cotton v. Colvin, No. 1:12-CV-00340-FDW-DSC, 2013 WL 4509710, at *4 (W.D.N.C. 2013) (unpublished)

9

(remanding where "[i]t is unclear from the record whether the ALJ properly considered the VA disability rating" and "[a]ccordingly, his treatment of the disability rating is not supported by substantial evidence"); Pusz v. Astrue, Civil No. 2:11-cv-00048-MR-DLH, 2013 WL 498809, at *3 (W.D.N.C. Feb. 11, 2013) (unpublished) ("The ALJ failed to afford significant weight to the VA rating decision or explain why the giving of less weight to this decision would be appropriate. For these reasons, the Court reverses the decision of the Commissioner and remands this case for further proceedings."); Suggs v. Astrue, No. 4:11-CV-128-FL, 2013 WL 466406, at *4 (E.D.N.C. Feb. 7, 2013) (unpublished) ("[T]he Fourth Circuit made clear in Bird that a VA disability determination, even if outside of the claimed disability range, is the type of evidence that must be considered, under Social Security Ruling 06–03p. As such, it is evidence that 'may have a bearing on [the Social Security] determination or decision of disability.' SSR 06–03p. . . . Accordingly, because it 'may have a bearing' on the Social Security determination, the court cannot conclude that failure to consider the VA disability determination is harmless error.")

> Of course, as has been noted by other courts,
>
> [t]his is not to suggest that the ALJ's conclusions on RFC could not be sustained under the new standard. . . . [T]he ALJ might well conclude on this record that [Plaintiff's] VA rating should be given substantially less weight than the Fourth Circuit's presumption requires. But that analysis is for the ALJ to perform in the first instance. It is not the job of a reviewing court to substitute its own analysis of the evidence. In the absence of an explanation why the VA rating is afforded less weight, remand is the appropriate remedy.

Persaud, 2014 WL 198922, at *11. On remand, the ALJ should directly address Plaintiff's VA disability rating in light of the Fourth Circuit's decision in Bird, explain whether he gives the

rating substantial weight, and if not, clearly identify the record evidence that supports any deviation from that standard.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision finding no disability be REVERSED, and that the matter be REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for further consideration of Plaintiff's claims in light of the Department of Veteran's Affairs disability determination noted above. Defendant's Motion for Judgment on the Pleadings [Doc. #11] should be DENIED, and Plaintiff's Motion for Judgment on the Pleadings [Doc. #7] should be GRANTED to the extent set out herein.

This, the 29th day of August, 2014.

/s/ Joi Elizabeth Peake
United States Magistrate Judge